**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **TIARE TECHNOLOGY, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:21-cv- 384** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FIESTA RESTAURANT GROUP, INC.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF TIARE TECHNOLOGY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

---

Defendant Fiesta Restaurant Group, Inc. ("Fiesta"), by and through its undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff Tiare Technology, Inc.'s ("Tiare") Complaint for Patent Infringement, and states as follows:

### GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Fiesta denies all allegations in Tiare's Complaint except those specifically admitted below.

### I.      INTRODUCTION

1.      Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 1, and on that basis denies said allegations.

### II.      NATURE OF THE SUIT

2.      Fiesta admits that Tiare purports to bring this action under the patent laws of the United States. Fiesta denies the remaining allegations of Paragraph 2 of the Complaint.

## III.      THE PARTIES

3.      Fiesta is without knowledge as to the allegations in Paragraph 3 of the Complaint.

4.      Admitted.

## IV.      JURISDICTION AND VENUE

5.      Fiesta admits that Tiare purports to bring this action under the patent laws of the United States. Further, Fiesta admits that this Court has subject matter jurisdiction over matters which arise under the Patent Laws of the United States, but denies all other allegations in Paragraph 5 of the Complaint.

6.      Fiesta admits the allegations of Paragraph 6 of the Complaint.

7.      Fiesta denies that it has committed any infringement through any regular and established place of business in this district. Fiesta denies the remaining allegations of Paragraph 7 of the Complaint.

8.      Fiesta denies that it conducts business in this District, and denies that it has committed any infringement through any regular and established place of business in this district. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Fiesta does not contest personal jurisdiction in this Court for the limited purposes of this action only, but denies that it has committed any infringement through any regular and established business in this district. Further, Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 9 of the Complaint.

10.     Fiesta denies the allegations of Paragraph 10 of the Complaint.

11. Fiesta denies that it transacts business in this District, and denies the remaining allegations of Paragraph 11 of the Complaint.

12. Fiesta denies that it has regular and established places business in this District and denies all other allegations of Paragraph 12 of the Complaint.

13. Fiesta denies that it owns, uses, or maintains the Taco Cabana application in this District, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 13 of the Complaint.

14. Fiesta denies that it operates any stores in this District, and denies all other allegations in Paragraph 14 of the Complaint.

15. Fiesta denies that it owns any stores in this District and denies all other allegations in Paragraph 15 of the Complaint.

16. Fiesta denies that it offers its mobile ordering app to users located within this District. Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 16 of the Complaint.

17. Fiesta denies the allegations of Paragraph 17 of the Complaint.

## V.      BACKGROUND

### A.      Tiare

18. Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies said allegations.

19. Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies said allegations.

### B.      The Asserted Patents

20.    Fiesta acknowledges that, according to the U.S. Patent Office's electronic assignment database, Tiare is the assignee of the '729 patent titled "Patron service system and method," and the '414 patent titled "Patron service system and method." Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 20 of the Complaint.

21.    Fiesta admits that Tiare has attached what appears to be an uncertified copy of the '729 patent as Exhibit 1, which names Julie Werbitt as the inventor. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 21 of the Complaint.

22.    Fiesta admits that the U.S. Patent Office's electronic assignment database indicates the '729 Patent was issued on March 25, 2014. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 22 of the Complaint.

23.    Fiesta admits that Tiare has attached what appears to be an uncertified copy of the '414 patent as Exhibit 2, which names Julie Werbitt as the inventor. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 23 of the Complaint.

24.    Fiesta admits that the U.S. Patent Office's electronic assignment database indicates the '414 Patent was issued on December 18, 2018. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 24 of the Complaint.

25.    Fiesta admits that the U.S. Patent Office's electronic assignment database indicates that, as of the date of this filing, Tiare is the current assignee of the '729 Patent. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 25 of the Complaint.

26.    Fiesta admits that the U.S. Patent Office's electronic assignment database indicates that, as of the date of this filing, Tiare is the current assignee of the '414 Patent. Except as expressly admitted, Fiesta denies the remaining allegations of Paragraph 26 of the Complaint.

27.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies said allegations.

28.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies said allegations.

29.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies said allegations.

30.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and on that basis denies said allegations.

31.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies said allegations.

32.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies said allegations.

33.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies said allegations.

34.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies said allegations.

35.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and on that basis denies said allegations.

36.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and on that basis denies said allegations.

37.     Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies said allegations.

38.      Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and on that basis denies said allegations.

39.      Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and on that basis denies said allegations.

40.      Fiesta lacks knowledge or information to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, and on that basis denies said allegations.

**C.      Fiesta's Infringement**

41.      Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 41 of the Complaint.

42.      Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 42 of the Complaint.

43.      Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 43 of the Complaint.

44.      Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 44 of the Complaint.

45.      Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 45 of the Complaint.

46.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Fiesta denies the allegations of Paragraph 47 of the Complaint.

48.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 48 of the Complaint.

## VI.     CLAIMS

### A.     Infringement of the '729 Patent

49.     Fiesta repeats, realleges, and incorporates by reference its answers to Paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50.     Fiesta denies the allegations of Paragraph 50 of the Complaint.

51.     Fiesta denies the allegations of Paragraph 51 of the Complaint.

52.     Fiesta denies the allegations of Paragraph 52 of the Complaint.

53.     Fiesta denies the allegations of Paragraph 53 of the Complaint.

54.     Fiesta denies the allegations of Paragraph 54 of the Complaint.

55.     Fiesta denies the allegations of Paragraph 55 of the Complaint.

56.     Fiesta denies the allegations of Paragraph 56 of the Complaint.

57.     Fiesta denies the allegations of Paragraph 57 of the Complaint.

58.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 58 of the Complaint.

59.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 59 of the Complaint.

60.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 60 of the Complaint.

61.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 61 of the Complaint.

62.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 62 of the Complaint.

63.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 63 of the Complaint.

64.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 64 of the Complaint.

65.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 65 of the Complaint.

66.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 66 of the Complaint.

67.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 67 of the Complaint.

68.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 68 of the Complaint.

69.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 69 of the Complaint.

**B.      Infringement of the '414 Patent**

70.     Fiesta repeats, realleges, and incorporates by reference its answers to Paragraphs 1 through 69 of the Complaint as though fully set forth herein.

71.     Fiesta denies the allegations of Paragraph 71 of the Complaint.

72.     Fiesta denies the allegations of Paragraph 72 of the Complaint.

73.     Fiesta denies the allegations of Paragraph 73 of the Complaint.

74.     Fiesta denies the allegations of Paragraph 74 of the Complaint.

75.     Fiesta denies the allegations of Paragraph 75 of the Complaint.

76.     Fiesta denies the allegations of Paragraph 76 of the Complaint.

77.     Fiesta denies the allegations of Paragraph 77 of the Complaint.

78.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 78 of the Complaint.

79.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 79 of the Complaint.

80.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 80 of the Complaint.

81.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 81 of the Complaint.

82.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 82 of the Complaint.

83.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 83 of the Complaint.

84.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 84 of the Complaint.

85.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 85 of the Complaint.

86.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 86 of the Complaint.

87.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 87 of the Complaint.

88.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 88 of the Complaint.

89.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 89 of the Complaint.

90.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 90 of the Complaint.

91.     Fiesta denies that it owns, uses, or maintains the Taco Cabana application, including the devices on which the application runs. Fiesta denies the remaining allegations of Paragraph 91 of the Complaint.

## VII.       DAMAGES

92.       Fiesta repeats, realleges, and incorporates by reference the allegations set forth above in Paragraphs 1 through 91 of this Complaint.

93.       Denied.

94.       Denied.

95.       Denied.

## VIII.       PRAYER FOR RELIEF

Fiesta denies that Tiare is entitled to any of the relief requested in its Prayer for Relief.

## FIESTA'S AFFIRMATIVE DEFENSES

Fiesta asserts the following defenses without prejudice to the denials of this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Fiesta reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of U.S. Patent No. 8,682,729)

Fiesta is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 8,682,729 either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 8,682,729)

U.S. Patent No. 8,682,729 and each of the claims therein is invalid for failure to comply with one or more conditions of patentability set forth in one or more provisions of 35 U.S.C. §§

101, *et seq.* including, inter alia, §§ 101, 102, 103, 112, and/or 115, or other judicially-created bases for invalidation.

## THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement of U.S. Patent No. 10,157,414)

Fiesta is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of U.S. Patent No. 10,157,414 either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 10,157,414)

U.S. Patent No. 10,157,414 and each of the claims therein is invalid for failure to comply with one or more conditions of patentability set forth in one or more provisions of 35 U.S.C. §§ 101, *et seq.* including, inter alia, §§ 101, 102, 103, 112, and/or 115, or other judicially-created bases for invalidation.

## FIFTH AFFIRMATIVE DEFENSE

Venue is improper in this District pursuant to 28 U.S.C. Section 1400.

## SIXTH AFFIRMATIVE DEFENSE

Fiesta hereby reserves any and all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the U.S. Patent Laws and any other defenses, at law or in equity, that now exist or become available as a result of discovery and further factual investigation during this action.

C:\Users\dgretkowski\Desktop\Patent Litigation\Fiesta Restaurant\Answers and Affirmative Defenses_532400 (DRAFT 2).docx

## IX.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Fiesta requests a jury trial of all issues triable of right by a jury.

Dated: December  21,  2021                    Respectfully submitted,

                                        */s/ James A. Gale*

                            By:_____
                                James A. Gale / Fla. Bar No. 371726
                                E-Mail:  jgale@cozen.com
                                Samuel A. Lewis / Fla. Bar No. 55360
                                E-Mail:  slewis@cozen.com
                                David M. Stahl / Fla. Bar No. 84713
                                E-Mail:  dstahl@cozen.com
                                Jonathan E. Gale / Fla. Bar No. 106938
                                E-Mail:  jegale@cozen.com
                                **COZEN O'CONNOR**
                                Southeast Financial Center
                                200 South Biscayne Boulevard, Suite 3000
                                Miami, Florida 33131
                                Telephone:  305-358-5001
                                Telefax:  305-358-3309

                                *Attorneys for Defendant*
                                *Fiesta Restaurant Group Inc.*

## CERTIFICATE OF SERVICE

I, James A. Gale, hereby certify that on December 21, 2021, a true and correct copy of the foregoing **DEFENDANT FIESTA RESTAURANT GROUP INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF TIARE TECHNOLOGY, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record via the Court's CM/ECF system pursuant to Local Rule CV-5.

December 21, 2021.

Respectfully submitted,

*/s/ James A. Gale*

By:_____
James A. Gale / Fla. Bar No. 371726
E-Mail:  jgale@cozen.com
Jonathan E. Gale / Fla. Bar No. 106938
E-Mail:  jegale@cozen.com
**COZEN O'CONNOR**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3000
Miami, Florida 33131
Telephone:  305-358-5001
Telefax:  305-358-3309


Barry P. Golob
District of Columbia Bar No. 437754
E-Mail: bgolob@cozen.com
**COZEN O'CONNOR**
The Army and Navy Building
1627 I Street, NW, Suite 1100
Washington, D.C. 20006
Telephone: 202-912-4800
Facsimile: 202-861-1905